IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02272-BNB

MY PHI,

    Plaintiff,

v.

RIVERWALK HOLDINGS, LTD., and
NELSON & KENNARD,

    Defendants.

ORDER GRANTING PLAINTIFF LEAVE TO PROCEED *IN FORMA PAUPERIS* AND
DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, My Phi, initiated this action by filing *pro se* a complaint titled "FDCPA and Fraud Complaint" (ECF No. 1) and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).  The Court reviewed the submitted documents, found that they were deficient, and ordered Plaintiff within thirty days to cure certain deficiencies, including but not limited to filing a complaint and attachment that were legible.

    On September 13, 2012, Ms. Phi submitted an amended complaint (ECF No. 5), an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 6), and a motion for service (ECF No. 7).  The § 1915 motion will be granted. The motion for service will be denied as premature and redundant, as Plaintiff already requested service by the United States Marshals Service.  *See* ECF No. 6 at 1.

    The Court must construe the amended complaint liberally because Ms. Phi is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Phi will be ordered to file a second amended complaint if she wishes to pursue her claims in this action.

In the second amended complaint, Ms. Phi makes assertions pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Plaintiff alleges that Defendants wrongfully reported a debt to a consumer credit reporting agency and have failed to reply to her request for validation of the debt. She seeks money damages as relief.

The Court finds that the amended complaint is deficient. First, the amended complaint is missing the attachment referenced on page two (ECF No. 5 at 2) and which was illegible on the complaint originally filed. ECF No. 1 at 5. In addition, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced, legible, and in a 12-point font. *See* D.C.COLO.LCivR 10.1D., E., and G. The amended complaint Ms. Phi filed is difficult to read because it is in a less than 12-point font. The second amended complaint Ms. Phi will be directed to file must comply with the Court's local rules.

The Court also finds that the amended complaint is deficient because the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the

plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Phi fails to provide a short and plain statement of her claims showing that she is entitled to relief. In fact, she fails to assert any claims at all, providing instead only background for her case. It is not clear what actions by the named Defendants allegedly violated the FCRA and FDCPA because Ms. Phi fails to allege any injury. She also fails to explain why venue is proper in the District of Colorado.

Title 28 U.S.C. § 1391(b) sets forth the rules that govern venue in federal courts. In general, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

>  situated; or
>
>  (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Ms. Phi resides in Colorado, alleges that Defendants in this action reside in the State of California, and fails to allege that any events or omissions giving rise to her claims occurred in Colorado.

Furthermore, Ms. Phi apparently expects the Court to construe the assertions in the original complaint with those in the amended complaint.  That is Ms. Phi's responsibility.  Neither the Court nor Defendants are required to piece together the allegations in both documents or guess what claims are being asserted.

Therefore, Ms. Phi will be ordered to file a second amended complaint that complies with the pleading requirements of Rule 8 if she wishes to pursue her claims in this action.  Ms. Phi is advised that, in order to state a claim in federal court, she "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  At the same time, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*  To comply with Rule 8, a plaintiff must provide "a generalized statement of the facts from which the defendant[s] may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  Therefore, Ms. Phi should take care to ensure that her second

amended complaint provides a clear, concise, and legible statement of the claims she is asserting.

Accordingly, it is

ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 6) is granted. It is

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) is denied as moot. It is

FURTHER ORDERED that the motion for service (ECF No. 7) is denied as premature and redundant. It is

FURTHER ORDERED that Plaintiff, My Phi, file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Ms. Phi shall obtain the appropriate Court-approved complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Ms. Phi fails within the time allowed to file a second amended complaint that complies with this order, the action will be dismissed without further notice.

DATED September 14, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge